IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TREVELIS D. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 324-015 |
| | ) | |
| COUNSELOR PERRY; C/O GUYTON; | ) | |
| SGT. BENTLEY; C/O JOHN DOE; | ) | |
| and CHIEF COUNSEL, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Dooly State Prison in Unadilla, Georgia, has submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983 concerning events alleged to have occurred at Dodge State Prison in Chester, Georgia. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.   **SCREENING THE COMPLAINT**

   A.   **BACKGROUND**

In his complaint, Plaintiff names as Defendants: (1) Counselor Perry, (2) Correctional Officer Guyton, (3) Sgt. Bentley, (4) C/O John Doe, and (5) Chief Counsel. (Doc. no. 1, p. 1.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present

screening, the facts are as follows. Upon arrival at Dodge State Prison, Plaintiff was placed in the C2 dorm, and the next day requested to unidentified prison officials that he be moved due to a targeting, inadequate staffing, and insufficient classification of prisoners. (Id. at 5.) An unidentified person was also using artificial intelligence to pry into Plaintiff's personal and private life, leaving him feeling unsafe. (Id.)

Unrelatedly, Plaintiff made two mental health counseling requests concerning an unspecified condition and Defendant Perry "walked away [two] times," and made a "conscious decision to not respond" while aware of a "previous diagnosis." (Id. at 6.) Moreover, Defendant Guyton would not meet with Plaintiff to discuss work release. (Id.) Lastly, Defendants Bentley and John Doe walked by Plaintiff's dorm and Defendant Doe made a threatening comment to him, telling Plaintiff that if he continued to disrespect Doe's girlfriend, "You're leaving this prison but not in good condition." (Id.) For relief, Plaintiff requests punitive and compensatory damages. (Id. at 7.)

B.     DISCUSSION

1.     **Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

> **2.    Plaintiff Fails to State a Valid Deliberate Medical Indifference Claim Against Defendant Perry**

To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege: (1) he had a serious medical need—the objective component, (2) a defendant acted with deliberate indifference to that need—the subjective component, and (3) his injury was caused by a

3

defendant's wrongful conduct. Melton v. Abston, 841 F.3d 1207, 1220 (11th Cir. 2016) (*per curiam*). To satisfy the objective component regarding a serious medical need, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007) (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). To satisfy the subjective component that a defendant was deliberately indifferent to his serious medical need, Plaintiff must allege that person: (1) was subjectively aware of a serious risk to Plaintiff's health, and (2) disregarded that risk by (3) following a course of action which constituted "more than mere negligence." Melton, 841 F.3d at 1223.

Plaintiff fails to specify his alleged mental health diagnosis or condition. Nor does he provide facts to show Defendant Perry was aware of a serious risk to Plaintiff's health. For these reasons, Plaintiff fails to state a claim against Defendant Perry.

### 3. Plaintiff Fails to State a Claim Against Defendants Guyton, Chief Counsel, Bentley, and Doe

The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). While Plaintiff names Defendant Chief Counsel in the caption of his complaint, he never once mentions this Defendant anywhere in the statement of his claim and does not make allegations associating them with a constitutional

violation. (See generally doc. no. 1.) Moreover, Plaintiff names Defendant Guyton in the caption of his complaint and alleges he did not meet with Plaintiff to discuss work release, however, Plaintiff makes no allegation associating this Defendant with any purported constitutional violation. (Id.)

Plaintiff also fails to state a claim against Defendants Bentley and Doe for threatening remarks. Plaintiff asserts they walked by his cell and Defendant Doe made a threatening comment to Plaintiff. (Id. at 6.) It is well-settled that mere name calling or verbal abuse, without more, does not state a claim under § 1983. See Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) (*per curiam*) ("[The plaintiff's] allegations of verbal abuse and threats by the prison officers did not state a claim because the defendants never carried out these threats and verbal abuse alone is insufficient to state a constitutional claim."); Thomas v. Savannah News Press Co., No. CV 487-307, 1987 WL 113751, at *2-4 (S.D. Ga. Dec. 3, 1987) (Edenfield, J.) (finding no § 1983 claim based on verbal abuse and threats).

Moreover, as it pertains to Defendant Doe, generally, "fictitious-party pleading is not permitted in federal court." Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (citation omitted). An exception exists, "when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage,'" Id. (quoting Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir. 1992)). In Richardson, the Eleventh Circuit Court of Appeals found merely describing a John Doe defendant as a correctional officer "was insufficient to identify the defendant among the many guards employed [at the facility.]" Id. Plaintiff has provided insufficient information to identify this Defendant. The Court knows nothing about Defendant Doe except that he was an officer at Dodge State Prison sometime in February 2024. (See generally doc. no. 1.) Thus, the Court must recommend dismissal of Defendant Doe.

In sum, dismissal of Defendants Chief Counsel, Guyton, Bentley, and Doe is therefore appropriate. See Douglas, 535 F.3d at 1321-22.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 14th day of June, 2024, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA